UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

JOHN THOMAS BAILEY,

    Plaintiff,

V.

WARDEN J. C. HOLLAND, et al.,

    Defendants.

Civil Action No. 6: 16-40-KKC

**MEMORANDUM OPINION AND ORDER**

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff John Thomas Bailey is an inmate formerly confined at the United States Penitentiary – McCreary in Pine Knot, Kentucky. Proceeding without an attorney, Bailey filed a civil rights action against federal officials pursuant to the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). [R. 1] The Court granted his motion to proceed *in forma pauperis* in a prior Order. [R. 18]

In his complaint, Bailey alleges that he was transferred to USP - McCreary in July 2015 because staff at the Federal Correctional Institution in Pekin, Illinois improperly elevated his security score, resulting in his transfer to a higher security institution.[1] Seven days after his arrival, Bailey alleges that he was attacked by several members of an inmate gang after he refused their demand that he assault another inmate. As a result of the attack Bailey was knocked unconscious and suffered numerous facial and skull fractures. He was taken to the University of Kentucky Medical Center ("UKMC") for treatment, where he remained for several days. [R. 1 at 7-8]

---

[1] Bailey's complaint asserted claims against the warden of that facility and the officer allegedly responsible for this conduct. [R. 1 at 3-7] In a prior Order, the Court dismissed those claims without prejudice for lack of personal jurisdiction over the defendants [R. 6] and does not consider them further here.

Bailey was returned to the prison on July 14, 2015, and was placed in a solitary cell to prevent any possible further head injury. Bailey remained in the cell for two weeks, and asserts that he received only ibuprofen for pain management during this period. Bailey alleges that during a follow-up examination at UKMC in September 2015, doctors told him that his facial bones had not healed properly and that they would have to be re-broken and more steel plates inserted to permit the breaks to heal evenly. Bailey contends that this was the result of Warden J.C. Holland's decision "to wait and see if the bones heal on their own." The surgery was conducted on October 26, 2015. [R. 1 at 8-10]

Bailey separately contends that in January 2016, Case Manager Strunck informed him that the "management variable" which had previously resulted in his transfer to U.S.P. - McCreary had been extended another seven months to August 2016, and that he would soon be transferred to U.S.P. - Lee, another high security facility. Bailey alleges that after he asked Strunck to remove the management variable, Strunck advised him that defendant CMC Rome had refused that request. Bailey contends that this placed his life in danger, and that the BOP has abused its discretion under the Second Chance Act, 18 U.S.C. § 3624 by not immediately placing him in a halfway house for the remainder of his sentence. [R. 1 at 10-14]

Bailey states that as of the date he filed his complaint, he had filed only an inmate grievance with the warden, but that he had not yet exhausted any available appeals. Bailey did attach copies of several grievances he filed in 2014 related to events occurring at FCI-Pekin [R. 1-2], but such claims have been dismissed by prior Order. Implicitly acknowledging that he had not yet exhausted his administrative remedies prior to filing suit, Bailey asks the Court to excuse any effort to further exhaust his remedies as futile because he raises constitutional claims and, he predicts, the BOP "will not change its policies ..." [R. 1 at 14-

15] Bailey seeks damages as well as declaratory and injunctive relief. [R. 1 at 17-19] Two months after Bailey filed his complaint in this action, he was transferred to a new prison, not to U.S.P. - Lee, but instead to a medium security facility, the Federal Correctional Institution in Edgefield, South Carolina. [R. 14]

During the pendency of this action, Bailey has also filed three motions seeking further relief from this Court. In the first, Bailey seeks an injunction to compel the Bureau of Prisons to immediately place him in a halfway house based upon alleged misconduct by defendant Strunck, as well as by a staff member at FCI - Edgefield after his transfer, reiterating his belief that is entitled to a longer halfway house placement. [R. 23] The Court will deny this motion as premature pending the Court's determination upon the merits of his claims, and because it is both based in substantial part upon events occurring after the complaint was filed in this action and upon actions taken by BOP staff in South Carolina over whom this Court lacks personal jurisdiction. See [R. 6]

After his transfer to South Carolina, Bailey filed a petition for a writ of habeas corpus petition pursuant to 28 U.S.C. § 2241 in the federal court in that district, again seeking early release to a halfway house based upon the same events described in his complaint here. *Bailey v. Mosley*, No. 5: 16-CV- 2942 (D.S.C. 2016). In his second motion, Bailey asks the Court to enter the petition he filed in that matter "into evidence" in this case. [R. 26] The Court construes Bailey's motion as one to expand the record pursuant to Habeas Rule 7, and because the attached petition and its exhibits are at least partially related to his claims here, will grant the motion.

Finally, Bailey has filed a renewed motion for the appointment of counsel to represent him in these proceedings, again indicating that he cannot afford private counsel, asserting that the case involves complex factual issues and that he cannot manage the litigation *pro*

3

*se*. [R. 27] The Court denied Bailey's original request to appoint counsel [R. 6], and again concludes that the factors outlined in *Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003) do not warrant taking the extraordinary step of appointing counsel for this *pro se* prisoner in a civil case. In particular, the Court notes that Bailey's motion contains both an organized statement of facts supporting his motion as well as numerous citations to pertinent legal authority. [R. 27-2] In light of Bailey's ability to represent himself adequately thus far, the Court cannot conclude that the appointment of counsel is warranted, and his motion will be denied.

The Court must conduct a preliminary review of Bailey's complaint because he has been granted permission to pay the filing fee in installments and because he asserts claims against government officials. 28 U.S.C. §§ 1915(e)(2), 1915A. When testing the sufficiency of the plaintiff's complaint, the Court affords it a forgiving construction, accepting as true all non-conclusory factual allegations and liberally construing its legal claims in the plaintiff's favor. *Davis v. Prison Health Servs.*, 679 F.3d 433, 437-38 (6th Cir. 2012). A district court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Hill v. Lappin*, 630 F. 3d 468, 470-71 (6th Cir. 2010). Having thoroughly reviewed the complaint and the documents filed in this matter, the Court concludes that it must be dismissed, both because Bailey admits he failed to exhaust his administrative remedies prior to filing suit and because his complaint fails to state viable constitutional claims against the defendants.

First, in his complaint Bailey readily states that he did not properly and timely exhaust his administrative remedies as required by federal law prior to filing suit. [R. 1 at 14-16]] A prisoner wishing to challenge the manner in which his criminal sentence is being

carried out under federal law must first exhaust all available administrative remedies. 42 U.S.C. § 1997e(a); *Jones v. Bock*, 549 U.S. 199, 211 (2007) ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court."). The BOP's Inmate Grievance System requires a federal prisoner to first seek informal resolution of any issue with staff, and then to institute a formal grievance with the warden within twenty days. 28 C.F.R. § 542.13, .14(a). If the prisoner is not satisfied with the warden's response, he or she must appeal to the appropriate regional office within twenty days, and if unsatisfied with that response, to the General Counsel within thirty days thereafter. 28 C.F.R. § 542.15(a). *See* BOP Program Statement 1300.16. Because "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules ...", *Woodford v. Ngo*, 548 U.S. 81, 90 (2006), the prisoner must file the initial grievance and any appeals within these time frames. Here, Bailey acknowledges that he failed to exhaust administrative remedies as § 1997e requires, and hence his suit is subject to dismissal.

      Of course, exhaustion of administrative remedies is an affirmative defense ordinarily plead by the defendants, and hence a prisoner-plaintiff is not required to plead exhaustion in his complaint. *Jones*, 549 U.S. at 213-14. But in *Jones* the Supreme Court expressly noted that if the plaintiff's own allegations, including those related to an affirmative defense such as the statute of limitations, establish that he is not entitled to relief, then the complaint is subject to dismissal for failure to state a claim, one of the enumerated bases for dismissing a complaint upon initial screening. *Jones*, 549 U.S. at 215 (citing *Leveto v. Lapina*, 258 F.3d 156, 161 (3d Cir. 2001) ("[A] complaint may be subject to dismissal under Rule 12(b)(6) when an affirmative defense ... appears on its face." (internal quotation marks omitted)). Courts have therefore consistently held that where the plaintiff himself indicates in his complaint

5

that he has not exhausted administrative remedies, dismissal upon initial screening is appropriate. Cf. *Fletcher v. Myers*, No. 5: 11-CV-141-KKC (E.D. Ky. May 17, 2012), *aff'd*, No. 12-5630 (6th Cir. Jan. 4, 2013) ("Because Fletcher's failure to exhaust, or to attempt to exhaust, administrative remedies is apparent from the face of his complaint, the district court properly dismissed Fletcher's complaint on that basis."); *Giannini v. Hickey*, No. 5: 10-CV-49-JMH (E.D. Ky. 2010), *aff'd*, No. 10-5531 (6th Cir. 2011) ("it was not error for the district court to dismiss the complaint [upon initial screening], because the face of Giannini's complaint established that he had not exhausted his remedies."); *see also Torns v. Miss. Dept. of Corr.*, 301 F. App'x 386, 388 (5th Cir. 2008) ("One way in which a complaint may show the inmate is not entitled to relief is if it alleges facts that clearly foreclose exhaustion. In such a case, the district court may *sua sponte* dismiss the complaint for failure to state a claim."); *Moore v. Bennette*, 517 F.3d 717, 725 (4th Cir. 2008).

In an effort to save his complaint from summary dismissal, Bailey urges the Court to conclude that any efforts to exhaust his administrative remedies would be "futile" because he asserts constitutional claims and because he believes that the BOP "will not change its policies ..." [R. 1 at 14-15] While the judicially-crafted exhaustion requirement applicable to certain habeas applications may be excused upon certain equitable grounds such as futility, the statutory exhaustion requirement found in § 1997e(a) is mandated by Congress, and such exceptions are simply not available. *Fazzini v. Northeast Ohio Corr. Center*, 473 F. 3d 229, 235-36 (6th Cir. 2006). Bailey's admitted failure to exhaust his administrative remedies available through the BOP's inmate grievance process therefore requires that his claims must be dismissed.

Were the Court to reach beyond the question of exhaustion, each of Bailey's claims is also subject to summary dismissal. While he contends that the warden at U.S.P. - McCreary

6

was responsible for the decision to wait and see if his broken facial bones would heal on their own [R. 1 at 9], he offers no factual allegation that it was the warden, rather than his medical care providers at the prison, who made the medical decisions regarding his health care. Cf. *Brock v. Wright*, 315 F.3d 158 (2d Cir. 2003) (absent evidence that warden was medically trained or independently understood allegedly adverse consequences of regional medical director's decision not to refer prisoner for outside treatment, warden was not liable for deliberate indifference to prisoner's medical needs merely for adopting medical director's decision).

With respect to Case Manager Strunck, Bailey does not allege that Strunck made any decisions at all regarding his custody level, but only that Strunck was the one who informed of the decisions made by others, including CMC Rome. [R. 1 at 10-11] Bailey's allegations thus fail to suggest that Strunck was personally involved in the classification decision about which he complains. Because Bailey's complaint does not "allege that the defendant [was] personally involved in the alleged deprivation of federal rights," *Nwaebo v. Hawk-Sawyer*, 83 F. App'x 85, 86 (6th Cir. 2003) (citing *Rizzo v. Goode*, 423 U.S. 362, 373-77 (1976)), the allegations against Strunck fail to state a claim and must be dismissed.

With respect to CMC Rome, while he denied Bailey's request to remove a management variable from his custody classification in January 2016, upon further review that variable was removed, and on April 6, 2016 Bailey was transferred to F.C.I. Edgefield, a medium (not high) security institution. [R. 1 at 11; R. 26-1 at 52] Because Bailey was transferred to a medium security institution, he does not and cannot allege that he suffered any injury or harm as a result of the conduct about which he complains. Bailey's complaint therefore does not state or suggest plausible constitutional claims against any of these defendants, and will be dismissed pursuant to 28 U.S.C. § 1915(e)(2).

Accordingly, **IT IS ORDERED** that:

1. Bailey's second motion for injunctive relief [R. 23] is **DENIED**.

2. Bailey's motion to enter his habeas corpus petition into evidence [R. 26] is **GRANTED**.

3. Bailey's second motion for the appointment of counsel [R. 27] is **DENIED**.

4. Bailey's complaint [R. 1] is **DISMISSED**.

5. The Court will enter a judgment contemporaneously with this order.

6. This matter is **STRICKEN** from the docket.

Dated December 13, 2016.

*Karen K. Caldwell*

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY